UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES HOOTEN                                                                    PLAINTIFF

v.                                                                      NO. 3:24-CV-221-BJB

PAUL A. JACOBSON                                                              DEFENDANT

\* \* \* \* \*

MEMORANDUM OPINION

*Pro se* Plaintiff James Hooten filed a complaint against Paul Jacobson, the CFO of General Motors Company, in Kentucky state court. Mr. Hooten alleged that in February of 2023, he bought a truck and financed it with GM Finance. *See* Retail Installment Contract and Security Agreement (DN 1-1) at 20 . Mr. Hooten claims that GM Finance breached that contract in December of 2023 by not "accepting" a "negotiable instrument" that he "tendered." Complaint (DN 1-1) at 10. What sort of negotiable instrument, offered for what purpose, and under what contractual obligation? The Complaint never really says.

In April 2024, the Defendant timely removed the case to this Court and filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Motion to Dismiss (DN 5). Mr. Hooten did not respond to the motion or otherwise take any action in the case for more than half a year. So the Court ordered Mr. Hooten to respond to the motion. DN 6. The Court also warned him that his case could be dismissed if he did not. *Id.*

Several months passed without a response. The Defendant then filed a "notice of no opposition," which restated the procedural history of the case and certified that he served the notice on Mr. Hooten by First Class mail on February 20, 2025. Defendant's Notice (DN 7). Still, Mr. Hooten did not file any response or explain his absence.

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). The Court may consider:

"(1) whether the party's failure is due to willfulness, bad faith, or fault;

"(2) whether the adversary was prejudiced by the dismissed party's conduct;

"(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

> "(4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Id.* at 737.  All of these factors favor dismissal.

*First*, the Plaintiff is certainly at fault.  He missed two separate deadlines spanning almost a year—to respond to the motion to dismiss and to answer the Court's order that he respond to that motion.  *See, e.g., Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–68 (6th Cir. 1997) (dismissal supported by missed deadlines and ignored court orders).  *Second*, the Court clearly warned the Plaintiff that his failure to respond could result in dismissal of the case.  *See* DN 6.  *Third*, Mr. Hooten's failure has prejudiced the Defendant because he has had to "waste time, money, and effort" to defend the action.  *See Harmon*, 110 F.3d at 368.  And *fourth*, the Court considered "less drastic sanctions" by allowing the Mr. Hooten additional time to respond to the motion before considering dismissal.  *See Ellison v. Beavers*, No. 5:18-cv-74, 2021 WL 1069043, at *2 (W.D. Ky. Mar. 19, 2021).

Further, while the Court must afford *pro se* plaintiffs some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not apply to court deadlines and other procedures readily understood by laypersons.  "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  This is particularly true if a *pro se* litigant fails to pursue a case.  *See Jourdan*, 951 F.2d at 110.  And courts have inherent authority to "ac[t] on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

In any event, Mr. Hooten's complaint would almost certainly be dismissed if Mr. Hooten responded and the Court considered the motion to dismiss on the merits.  The unopposed motion contends (with affidavit support) that Paul Jacobson is the CFO of General Motors.  That is a different legal entity than GM Financial.  And the affidavit maintains that Mr. Jacobson does not transact any business in Kentucky, does not provide any financing for consumer vehicles, and has never had any communications or transacted any business with Mr. Hooten.  Jacobson Affidavit (DN 5-1).  Based on his motion, the Court would be quite likely to agree that it lacks personal jurisdiction over Mr. Jacobson.  *See* KRS § 454.210(2)(a) (Kentucky long-arm statute); *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021) (A "defendant is not subject to personal jurisdiction in Kentucky if her alleged conduct falls outside one of the nine enumerated categories" in the Kentucky long-arm statute.).

And even if the Court had personal jurisdiction over Mr. Jacobson, the motion to dismiss explains compellingly (albeit one-sidedly) that the Complaint fails to allege

facts (even assuming their truth) that would connect Mr. Jacobson to GM Finance or Mr. Hooten.  FED. R. CIV. P. 12(b)(6).

## CONCLUSION

The Court dismisses this case for failure to prosecute.